RONALD E. SCHAAF, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Schaaf v. Commissioner
Docket No. 19195-89
United States Tax Court
T.C. Memo 1991-530; 1991 Tax Ct. Memo LEXIS 579; 62 T.C.M. (CCH) 1077; T.C.M. (RIA) 91530; October 24, 1991, Filed *579 Decision will be entered for the respondent for the deficiency and the additions to tax except under section 6661. Decision will be entered for the petitioner for the addition to tax under section 6661. Ronald E. Schaaf, pro se. John W. Sheffield III, for the respondent. HAMBLEN, Judge. HAMBLEN
MEMORANDUM FINDINGS OF FACTS AND OPINION Respondent determined a deficiency in petitioner's Federal income tax and additions to tax as follows: Year
Deficiency
Additions to Tax
1986
$ 15,493
[1] Sec. 6651(a)(1) $ 2,323.95
Sec. 6653(a)(1)(A)
774.65
Sec. 6653(a)(1)(B)
*
Sec. 6654
749.58
Sec. 6661
3,873.25
After a concession by respondent, [2] the issues remaining for decision are whether respondent's deficiency determination *580 is correct and whether petitioner is liable for additions to tax for (1) failure to file a return under section 6651(a)(1), (2) negligence or intentional disregard of the rules or regulations under section 6653(a)(1)(A) and (B), and (3) failure to pay estimated income tax under section 6654. FINDINGS OF FACT Some of the facts were stipulated at trial and are found accordingly. Petitioner resided in Columbus, Georgia, when the petition in this case was filed. Petitioner did not file a Federal income tax return for the taxable year 1986. In his statutory notice of deficiency, respondent recomputed petitioner's 1986 taxable income as $ 37,465.50. To recompute petitioner's taxable income, respondent netted gross revenue, computed by using the specific item method, against allowable expenses, computed as 50 percent of the gross revenue. The deficiency and additions to tax were determined based on this amount. During 1986 petitioner was a self-employed *581 brickmason. Petitioner kept essentially no books, records, or receipts regarding his masonry business for the taxable year 1986. Moreover, petitioner did not maintain a bank account for his business. Petitioner conducted his business on a cash basis. Petitioner's customers paid primarily in cash. If a customer paid by check, petitioner cashed the check and did not deposit the proceeds into a bank account. Petitioner also paid all of his business expenses in cash. Petitioner's records regarding the revenue derived from his brickmasonry business were incomplete. Petitioner provided respondent with invoices estimating the jobs he was to perform during 1986. The invoices indicated that petitioner would have received $ 191,659.63 if all of the jobs were completed. However, respondent determined that petitioner had gross revenue of only $ 85,701.41. Respondent arrived at this amount by contacting the third parties to whom the invoices were given. These parties were asked to produce cancelled checks to verify that they had paid petitioner. In determining the amount of gross revenue, respondent only included the verified invoices. Respondent did not include the amounts of invoices *582 if there was no name or address on the invoice or if respondent could not contact the third party to verify the information. Petitioner's records regarding his 1986 business expenses were also incomplete. A number of the monthly business statements were missing from petitioner's records. Petitioner produced receipts for business expenses which totalled approximately $ 8,000. Respondent did not attempt to contact the parties identified on the receipts to verify their authenticity or amounts. Petitioner's expenses included labor and material (mortar, sand, bricks, blocks, and concrete) costs. Petitioner estimated that he employed between 2 and 15 employees depending on the size of the job. Petitioner paid his employees from $ 12 per hour to $ 125 per day depending on the employee's skill level. Petitioner did not have receipts to verify the salaries paid to his employees because he paid them in cash. Respondent determined that the receipts which petitioner produced were incomplete and not an accurate estimate of petitioner's business expenses. Therefore, respondent recomputed petitioner's allowable business expenses for the taxable year 1986. Respondent estimated that petitioner's *583 expenses were 50 percent of his gross revenue, or $ 42,850.70. Respondent based this estimate on prior audits of petitioner for the taxable years 1983 through 1985. OPINION Respondent contends that petitioner's 1986 taxable income is $ 37,465.50. Petitioner did not file a Federal income tax return for the taxable year 1986. Respondent recomputed petitioner's taxable income by using the specific item method to compute gross revenue and a formula based on prior audits of petitioner to compute business expenses. Petitioner contends that he had a net loss for the taxable year 1986. Additionally, petitioner maintains that no additions to tax should be determined. He contends that any delay in filing is the fault of respondent since he provided respondent with all the available information, including invoices and receipts. Petitioner's records, however, did not substantiate a net loss. Rather, the records indicated that petitioner would have received over $ 190,000 if all of the jobs which he had invoices for were completed. Moreover, petitioner could only produce $ 8,000 worth of business expense receipts. Clearly the records did not demonstrate a net loss. Respondent's determinations *584 in a notice of deficiency are presumed correct, and the burden of proof is on petitioner to establish that the determinations are erroneous. Rule 142(a); . Recomputation of Income
Every taxpayer is required to maintain records sufficient to enable him to determine his taxable income. Sec. 6001; , affd. on this issue . Where a taxpayer fails to maintain the required records, or the records kept do not clearly reflect income, respondent may use other means to determine the taxpayer's taxable income. Sec. 446(b). As we noted in , "Where * * * a taxpayer maintains no records, both the Commissioner and, in turn, this Court, have no other course than to reconstruct income in the most reasonable way possible." Section 446(b) allows respondent broad discretion to recompute petitioner's income under any method which in the Secretary's opinion clearly reflects income. ; *585 ; . Since circumstances vary in individual cases, there is no formula which may be applied as a rule of thumb to ascertain the correct amount of taxable income. See ; . Respondent may recompute taxable income by any method which is reasonable in light of all the surrounding facts and circumstances. ; . Only where a taxpayer proves that a recomputation is arbitrary and excessive or without rational foundation will the determination be disregarded. . 1. Gross Revenue
This Court has approved a number of methods for recomputing taxable income including the specific item method. . [3] The specific item method of recomputation, which respondent utilized in this *586 case, is a direct method of proof. Under this method, respondent may prove specific items of income by using the taxpayer's books and records to show objectively that an item of income has been omitted or misstated.
In this case, petitioner produced invoices estimating the jobs he was to perform. Respondent contacted the third parties to whom the invoices were given. Respondent only included those amounts for which the parties were able to produce cancelled checks to verify that they had paid petitioner in arriving at petitioner's gross revenue. Using this approach, respondent determined that petitioner had gross revenue of $ 85,701.41. This amount is significantly less than the total amount of invoices which were submitted by *587 petitioner. Respondent's thorough method of verifying each invoice produced an amount of gross revenue which is both objective and reliable. We conclude that respondent's method of recomputing petitioner's 1986 gross revenue was a reasonable method of recomputation. 2. Business Expenses
This Court has approved the use of formulas to recompute business expenses provided that the formula was rational. See . Respondent recomputed petitioner's allowable business expenses as 50 percent of his gross revenue. Petitioner has the burden of proving that he is entitled to business expense deductions beyond those allowed by respondent. Rule 142(a); see ; . In this case, petitioner did not maintain complete records of his business expenses. Petitioner contends that he had a net loss for the taxable year 1986. Petitioner, however, produced absolutely no records to document such a loss. Rather, petitioner could only produce $ 8,000 worth of business *588 expense receipts. As petitioner employed anywhere from 2 to 15 persons at a minimum of $ 12 per hour, the receipts are clearly not a close representation of petitioner's true expenses. Additionally, petitioner did not provide any satisfactory reasons why his 1986 expenses would have been greater than his expenses for the 3 prior taxable years. Respondent recomputed petitioner's business expenses for the taxable year 1986 as a percentage of petitioner's gross revenue. Respondent estimated that petitioner's expenses were 50 percent of gross revenue, which is substantially greater than petitioner's aggregate expense receipts. Respondent based this estimate on the 3 prior audits of petitioner. We conclude, based on the lack of adequate records, that respondent's method of recomputing petitioner's expenses was reasonable. This Court may estimate expenses beyond those determined by respondent where circumstances warrant. . However, in this case, petitioner has not offered sufficient evidence from which we can estimate additional business expenses. 3. Conclusion
Petitioner had ample opportunity *589 to provide further evidence of his revenue and business expenses for the taxable year 1986, but he failed to do so. We hold that respondent's recomputation of petitioner's 1986 taxable income was reasonable and further that petitioner failed to introduce evidence sufficient to prove that respondent's determination was erroneous. Accordingly, the determined deficiency is sustained. Additions to Tax
Respondent determined additions to petitioner's Federal income tax for the taxable year 1986 under sections 6651(a)(1), 6653(a)(1)(A) and (B), and 6654(a). Petitioner bears the burden of establishing that he is not liable for these additions to tax. ; ; . 1. Failure to File Return
Section 6651(a)(1) provides for an addition to tax for failure to file a timely tax return unless it is shown that such failure is due to reasonable cause and not due to willful neglect. The burden of proof is on petitioner to show that the failure is due to reasonable cause and not willful neglect. *590 ; , affd. without published opinion . Petitioner contends that it was respondent's fault that no return was filed since he delivered all of his documents to respondent and respondent thereafter failed to file the return. However, it is petitioner's duty, not respondent's duty, to file a yearly Federal income tax return. Secs. 6011 and 6012. Petitioner provided no other reason for his failure to file. Based on petitioner's admission that he did not file a Federal tax return for 1986 and his failure to introduce any evidence to establish that the failure to file was due to a reasonable cause, the addition to tax under 6651(a)(1) is sustained. 2. Negligence
Section 6653(a)(1)(A) provides for an addition to tax equal to 5 percent of the total underpayment if any part of the underpayment is due to negligence or intentional disregard of rules or regulations. Section 6653(a)(1)(B) provides for an addition to tax equal to 50 percent of the statutory interest due on the portion of the underpayment attributable *591 to negligence. Respondent's determination that petitioner's underpayment was due to negligence or intent to disregard the rules or regulations is "presumptively correct and must stand unless the taxpayer can establish that he was not negligent." . Petitioner, therefore, bears the burden of proving that the underpayment was not a result of his negligence. ; . Negligence is defined as a failure to exercise the due care that a reasonable and ordinarily prudent person would exercise under the circumstances. ; , affg. on this issue a Memorandum Opinion of this Court. Section 6001 requires taxpayers to maintain records for purposes of determining taxable income. The blatant failure to maintain adequate records supports a finding of negligence. [4] Petitioner failed to adequately maintain any books or records for the taxable year at issue. *592 This failure shows a lack of due care. Petitioner also failed to file a Federal income tax return for the taxable year 1986. Taxpayers have a statutory duty to timely file income tax returns, and the breach of this duty without a showing of reasonable cause is negligent. , affd. . In support of respondent's negligence determination, respondent contends that petitioner intentionally did not keep records of his business expenses, kept no checking account, and conducted his business in cash. Regardless of whether this was petitioner's intent, failure to maintain these records made it extremely difficult to determine petitioner's taxable *593 income. Such indifference to prudent business practices, however, is indicative of petitioner's disregard for the requirements imposed by the Internal Revenue Code and the regulations promulgated thereunder. We hold that petitioner intentionally disregarded the pertinent provisions and regulations of the Internal Revenue Code and has been negligent. Accordingly, the additions to tax under section 6653(a)(1)(A) and (B) are sustained. 3. Failure to Pay Estimated Tax
Section 6654(a) provides an addition to tax for the understatement of estimated tax. Once a deficiency is established, this provision is applicable unless the taxpayer can demonstrate that he comes within one of the exceptions set forth in section 6654(e). ; . Petitioner presented no evidence to establish that he made estimated tax payments. Moreover, the exceptions provided for in section 6654(e) are not applicable in this case. Accordingly, since petitioner failed to meet his burden of proof, the addition to tax under section 6654(a) is sustained. To reflect the foregoing, *594 Decision will be entered for the respondent for the deficiency and the additions to tax except under section 6661. Decision will be entered for the petitioner for the addition to tax under section 6661. Footnotes
1. Unless otherwise indicated, section references are to the Internal Revenue Code as amended and in effect for the taxable year at issue, and Rule references are to the Tax Court Rules of Practice and Procedure. ↩
*. 50 percent of interest due on $ 15,493↩
2. At trial, respondent conceded the addition to tax under sec. 6661.↩
3. See also ; ; , affd. without published opinion .↩
4. Cf. , affg. on this issue a Memorandum Opinion of this Court; ; .↩